UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| James Morris Sellers, | ) | Crim. No.: | 4:13-cr-00783-RBH-1 |
| | ) | Civ. No.: | 4:16-cv-03396-RBH |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | **ORDER** | |
| | ) | | |
| United States of America, | ) | | |
| | ) | | |
| Respondent. | ) | | |

On June 26, 2017, the Court issued an order granting Respondent's motion for summary judgment and denying and dismissing Petitioner's § 2255 motion with prejudice, and the Clerk entered judgment the same day. *See* ECF Nos. 109 & 110. On July 24, 2017,[1] Petitioner filed a Motion to Reconsider pursuant to Federal Rule of Civil Procedure 59(e).[2] *See* ECF No. 114.

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment within twenty-eight days after entry of the judgment. "A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (internal quotation marks omitted). A party may not use a Rule 59(e) motion to make arguments it could have made before judgment was entered. *Id.* A party's mere disagreement with the court's ruling does not

---

[1] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

[2] The Motion to Reconsider does not raise new claims not presented in Petitioner's § 2255 motion, and therefore it does not implicate the concerns discussed in *United States v. Winestock*, 340 F.3d 200 (4th Cir. 2003), and *United States v. McRae*, 793 F.3d 392 (4th Cir. 2015).

1

warrant a Rule 59(e) motion, and such motion should not be used to rehash arguments previously presented or to submit evidence which should have been previously submitted. *Hutchinson v. Staton*, 994 F.2d 1076, 1081–82 (4th Cir. 1993).

Petitioner presents two primary arguments in his Motion to Reconsider. His first argument concerns Ground Two of the § 2255 motion. *See* ECF No. 114 at pp. 1–2. The Court denied relief on this ground, finding Petitioner's sentence was properly enhanced under the Armed Career Criminal Act[3] ("ACCA") because his three prior convictions for serious drug offenses were committed on occasions different from one another, and therefore trial counsel was not ineffective for not arguing otherwise. *See* ECF No. 109 at pp. 5–7. Petitioner asserts that under *United States v. Hobbs*, 136 F.3d 384 (4th Cir. 1998)—which the Court cited in its order—"crimes committed on different dates can arise from a continuous course of criminal conduct if the same victim is involved." ECF No. 114 at p. 1. Petitioner contends that because his three drug distributions involved the same undercover officer and because "[a]n arrest warrant could have issued following the initial sale," his prior offenses "should be counted as a single continuous course of conduct." *Id.* at pp. 1–2. However, as the Court explained in its order, Petitioner's argument is clearly foreclosed by *United States v. Letterlough*, 63 F.3d 332 (4th Cir. 1995),[4] wherein the Fourth Circuit found two drug sales to the same undercover officer less than

---

[3]  18 U.S.C. § 924(e).

[4]  In *Hobbs*, the Fourth Circuit cited the *Letterlough* factors that govern when offenses can be deemed to have been committed on different occasions. *See Hobbs*, 136 F.3d at 387–88. One such factor is "'whether the offenses involved **multiple victims**'"; other factors include "(i) whether the offenses occurred in different geographic locations; (ii) whether the offenses were substantively different; and (iii) 'whether the offenses involved . . . multiple criminal objectives.'" *Id.* at 388 (emphasis added) (quoting *Letterlough*, 63 F.3d at 335–36). However, as the Fourth Circuit explained in both *Letterlough* and *Hobbs*, "[t]hese factors may be considered together or independently, and 'if any one of the factors has a strong presence, it can dispositively segregate an extended criminal enterprise into a series of separate and distinct episodes.' In other words, it does not matter for sentencing purposes if the several crimes are part of a larger criminal venture, as long as each constitutes, by itself, a 'complete and final transaction.'" *Id.* (internal citation omitted) (quoting *Letterlough*, 63 F.3d at 336–37). *See also United States v. Linney*, 819 F.3d 747, 751 (4th Cir. 2016) (discussing the *Letterlough* factors).

2

two hours apart did not constitute a single occasion:

> We also cannot conclude that these two sales constituted a single occasion because the undercover officer to whom the drugs were sold chose not to arrest Letterlough after the first sale. Although Letterlough would like to assign some culpability for the second sale to the undercover officer who purchased the drugs, the responsibility for the crime falls squarely on Letterlough. We cannot disregard the additional criminal activity simply because the government allowed Letterlough to engage in it. To do so would force officers to arrest all evildoers as soon as they see a crime committed; it would destroy large scale police "sting" operations and undercover infiltrations, as were present in this case.

*Id.* at 337. The Court reaffirms its finding that Petitioner's three convictions were committed on different occasions, and therefore his sentence was properly enhanced under the ACCA.[5]

Second, Petitioner seeks a certificate of appealability, which the Court previously denied. *See* ECF No. 109 at p. 7. The Court again denies a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Court finds Petitioner has not pointed to any basis under Rule 59(e) warranting alteration or amendment of the Court's judgment on Petitioner's § 2255 motion. Accordingly, the Court **DENIES** Petitioner's Motion to Reconsider [ECF No. 114].

**IT IS SO ORDERED.**

---

[5] To the extent Petitioner argues the Court should not consider "extraneous facts in aged court documents," ECF No. 114 at p. 3, the Fourth Circuit has explained "courts rely on '*Shepard*-approved sources'" when considering the *Letterlough* factors. *Linney*, 819 F.3d at 751 (quoting *United States v. Span*, 789 F.3d 320, 326 (4th Cir. 2015)). "In cases such as this that involve prior convictions based on guilty pleas, these sources consist of conclusive judicial records such as the indictment, judgment, any plea agreement, the plea transcript or other comparable record confirming the factual basis for the plea, and any document explicitly incorporated into one of the foregoing." *Id.* at 751–52 (internal quotation marks and citation omitted). *See United States v. Sellers*, 806 F.3d 770, 771 (4th Cir. 2015) ("In February 1999, Sellers pled guilty in state court to three indictments charging him with possession with intent to distribute crack cocaine, in violation of S.C. Code Ann. § 44–53–375(B).").

Florence, South Carolina  s/ R. Bryan Harwell
September 29, 2017  R. Bryan Harwell
United States District Judge